IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| GARY SEITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:08-CV-355-HEH |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**
(Adopting the Report and Recommendation of the Magistrate Judge
and Granting Defendant's Motion for Summary Judgment)

THIS MATTER is before the Court on a Report and Recommendation ("R&R") filed pursuant to 28 U.S.C. § 636(b)(1)(B) by the Honorable Dennis W. Dohnal, United States Magistrate Judge ("Magistrate Judge"), on May 26, 2009. The Magistrate Judge's R&R recommends that the Motion for Summary Judgment (Dkt. 7) of Plaintiff Gary Seitz ("Plaintiff" or "Claimant") be denied and that Defendant's Motion for Summary Judgment (Dkt. 8) be granted. Plaintiff has filed a terse Objection (Dkt. 10) to the R&R, and Defendant has responded thereto.

The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. Having independently reviewed the record, the R&R, and Plaintiff's Objection, this Court agrees with the Magistrate Judge that there is substantial

justification in the record to support the ALJ's findings of fact and conclusions of law. Accordingly, the R&R is hereby ADOPTED. Plaintiff's Motion for Summary Judgment (Dkt. 7) is hereby DENIED and Defendant's Motion for Summary Judgment (Dkt. 8) is hereby GRANTED.

## I. Background

The instant case involves Plaintiff's claim of entitlement to disability benefits. Plaintiff initially filed for disability benefits on March 4, 2005. The Administrative Law Judge ("ALJ") subsequently denied Plaintiff's claim, finding that Plaintiff was not disabled (as that term is defined by the Social Security Act) because he could perform his "past relevant work" as a short-order cook and as a self-employed bathroom cleaner. Record at 22. After his administrative appeal was denied, the Commissioner issued a final decision denying Plaintiff's claim for disability benefits. Record at 7–9. Plaintiff subsequently sought relief from this Court.

Determination of whether a claimant is disabled and therefore eligible for disability benefits requires a five-step sequential analysis. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). At the fourth stage—the only stage relevant to Plaintiff's Objection—the ALJ must determine whether a claimant can return to his past relevant work based on an assessment of the claimant's "residual function capacity" and an examination of the requirements of the relevant work that the claimant previously performed. 20 C.F.R. §§ 416.920(e), 404 1520(e). At the fourth stage, Plaintiff bears the

burden of establishing that any prior work qualifies as an "unsuccessful work attempt", not past relevant work, and therefore should not be considered in determining whether a claimant is disabled. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993).

In making this determination in the present case, the ALJ determined—and the Magistrate Judge agreed—that Plaintiff's past work as a short-order cook for three to four months and as a self-employed bathroom cleaner for approximately one year were past relevant work. Record at 22; R&R at 8–13. Based on Plaintiff's own testimony and medical records as well as the testimony of a vocational expert, the ALJ subsequently concluded that Plaintiff was not disabled and therefore not entitled to disability benefits because he was still sufficiently able to perform this past relevant work. Record at 22; R&R at 14. This Court must uphold the findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005).

## II. Plaintiff's Objection to the Report and Recommendation

### A. Plaintiff's Past Work as a Short-Order Cook

Plaintiff first objects to the legal analysis employed by the Magistrate Judge in assessing Plaintiff's prior work as a short order cook, arguing that the "Magistrate Judge made [Plaintiff's] burden at the fourth stage of the sequential analysis more rigorous than the regulations require." Pl. Obj. at 1. This argument, however, is wholly without merit.

In reviewing the ALJ's decision, the Magistrate Judge assumed that Plaintiff

worked as a short order cook in the early 1990s for only four months. R&R at 10. Plaintiff does not object to this factual determination. Rather, Plaintiff contends that the ALJ and Magistrate Judge erred by classifying Plaintiff's work as a short-order cook during the 1990s as past relevant work because "the language in 20 C.F.R. § 404.1574(c)(2009) indicating that [the Commissioner] 'will generally consider work of less than six months to be unsuccessful' . . . indicates that the claimant should normally be given the benefit of the doubt" when a claimant's prior work lasted for less than six months. Pl. Obj. at 1.

In his Objection, Plaintiff correctly notes that a disability applicant's prior work will, in certain circumstances, be considered an unsuccessful work attempt "if, after working for a period of 6 months or less, [the claimant's] impairment forced [the claimant] to stop working or to reduce the amount of work [the claimant does] so that [the claimant's] earnings from such work fall below the substantial gainful activity earnings level . . .." *See* 20 C.F.R. § 404.1574(c). But this regulation does not mean that the ALJ or this Court must simply give a claimant "the benefit of the doubt" without further inquiry when the claimant previously worked for a period of less than six months. Instead, as both the pertinent regulations and the Magistrate Judge's R&R explain, this general statement is merely a starting point for analyzing whether a disability claimant's prior work experience constitutes past relevant work or instead is disregarded as an unsuccessful work attempt. *See* 20 C.F.R. § 404.1574(c)(1)–(5). The burden remains

with Plaintiff at this stage of the applicable analysis to establish that his work should not be classified as past relevant work, even if it lasted for less than six months. *Hunter*, 993 F.2d at 35.

To satisfy this burden, the pertinent regulations required Plaintiff to show both that his work was terminated (or his wages reduced to a sufficiently low level) due to his impairment or the removal of special impairment-related conditions *and* that: (1) he was frequently absent from work because of his impairment; (2) his work was unsatisfactory because of his impairment; (3) he worked during a period of temporary remission of his impairment; or (4) he worked under special conditions that were essential to his performance and these conditions were removed. 20 C.F.R. § 404.1574(c)(4)(i)–(iv). A review of the record and the R&R reveals that the Magistrate Judge correctly applied this standard and concluded based on substantial evidence that Plaintiff neither established that his work was terminated due to his impairment nor made the requisite showing with respect to any of the four pertinent factors. R&R at 11; *see also* 20 C.F.R. § 404.1574(c)(4)(i)–(iv). Accordingly, the Magistrate Judge correctly concluded that the ALJ's decision was supported by substantial evidence and reached through application of the correct legal standard. *Johnson*, 434 F.3d at 653.

Plaintiff further objects on the grounds that the rationale employed in the Magistrate Judge's R&R was "much more detailed" than the ALJ's analysis. Pl. Obj. at 1–2. The ALJ's decision does not appear to consider expressly whether Plaintiff's prior

5

work as a short-order cook or as a self-employed bathroom cleaner qualifies as an unsuccessful work attempt. *See* Record at 22. This apparent omission is explained, however, by a review of the transcript from Plaintiff's hearing, which indicates that Plaintiff does not seem to have raised this argument before the ALJ despite testimony regarding Plaintiff's prior work in both positions by a vocational expert. *See* Record 507–31.

Plaintiff, of course, bears the burden of establishing that prior work qualifies as an unsuccessful work attempt at the fourth stage of the applicable analysis. *Hunter*, 993 F.2d at 35. An independent review of the record indicates that the ALJ applied the correct legal standard in considering whether Plaintiff could return to his past relevant work. Record at 22. Further, the ALJ's classification of Plaintiff's prior work as past relevant work is supported by substantial evidence. *Id.* That the ALJ did not consider an argument not raised by Plaintiff is neither surprising nor erroneous. Accordingly, Plaintiff's objection on the ground that the ALJ did not consider an argument that Plaintiff did not raise lacks merit.

Plaintiff also complains that consideration of his prior work as a short order cook by the ALJ was improper because neither he nor his counsel "had any notice of this basis for denying benefits". Pl. Obj. at 2. The record, however, indicates otherwise. Plaintiff apparently received a Notice of Hearing form dated June 7, 2009 which explained that the ALJ would decide whether Plaintiff was disabled based in part on an assessment of

Plaintiff's "ability to do the kind of work you did in the past". Record at 30. Moreover, Plaintiff was represented throughout the hearing by counsel who knew, or should have known, that the ALJ would consider Plaintiff's prior work history in determining his eligibility for disability benefits. Accordingly, this objection fails as well.

Finally, Plaintiff complains broadly that requiring a claimant to prove "every work attempt of three to four months to be unsuccessful" would both "result in ALJ hearings being considerably elongated" and "place an undue burden on claimants". Pl. Obj. at 2. Yet this is exactly what the case law and relevant regulations do. *See* 20 C.F.R. § 404.1574(c); *Hunter*, 993 F.2d at 35 (explaining that "the burden of production and proof is on the claimant" through the fourth step of the sequential analysis, which requires the claimant to show that he cannot return to his past relevant work). Plaintiff's perfunctory argument provides no basis for this Court to disregard either the applicable regulations or the Fourth Circuit's clear instructions.

### B. Plaintiff's Past Work as a Bathroom Cleaner

The Magistrate Judge's R&R also recommends that this Court uphold the ALJ's determination that Plaintiff did not qualify for disability benefits because his physical condition does not preclude his other prior work as a self-employed bathroom cleaner. R&R at 14; Record at 22. Plaintiff has not objected to the R&R's recommendation that this Court affirm the ALJ's determination that Plaintiff is not disabled because he can still perform his past relevant work as a self-employed bathroom cleaner. *See* Pl. Obj. 1–2.

Further, an independent review of the record and the R&R demonstrates that the ALJ's decision on this issue applied the correct legal standard and was supported by substantial evidence. *See Johnson*, 434 F.3d at 653. Accordingly, even if the ALJ had incorrectly determined that Plaintiff's prior work as a short-order cook qualified as past relevant work, Plaintiff nonetheless would not be entitled to disability benefits because he has not objected to the recommendation of the Magistrate Judge that this Court affirm the determination of the ALJ that Plaintiff is not disabled because he can still perform his past relevant work as a self-employed bathroom cleaner.

### III. Conclusion

An independent review of the record in this case reveals that Plaintiff's Objection to the Magistrate Judge's R&R lacks merit. Both the ALJ and the Magistrate Judge applied the correct legal standard to determine that Plaintiff's prior work as a short-order cook and as a self-employed bathroom cleaner constituted past relevant work. This determination was supported by substantial evidence. Accordingly, The Magistrate Judge's R&R is hereby ADOPTED; Plaintiff's Motion for Summary Judgment (Dkt. 7) is hereby DENIED; and Defendant's Motion for Summary Judgment (Dkt. 8) is hereby GRANTED.

/s/
Henry E. Hudson
United States District Judge

Entered: Aug. 4, 2009
Richmond, Virginia.